1  J. Dominic Campodonico (SBN 188035)
   dcampodonico@grsm.com
2  Kristin A. Blocher (SBN 283730)
   kblocher@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   315 Pacific Avenue
4  San Francisco, CA 94111
   Tel:    (415) 986-5900
5  Fax:    (415) 986-8054

6  Katherine Althoff (PHV Admitted)
   kalthoff@mccarter.com
7  Allyson E. Emley (PHV Admitted)
   aemley@mccarter.com
8  McCARTER & ENGLISH, LLP
   10 E. Main Street, Suite 200
9  Carmel, IN  46032
   Tel: (317) 810-5483
10

11 Attorneys for Defendant
   AUTOQUIP CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| COLEMAN ELLIOTT, | CASE NO. 2:23-cv-02355-JAM-CKD |
|---|---|
| Plaintiff, | **STIPULATION AND ORDER TO CONDUCT THE PHYSICAL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF COLEMAN ELLIOTT** |
| vs. | |
| AUTOQUIP CORPORATION and DOES 1-25, | |
| Defendants. | Complaint filed September 5, 2023 |
| | Removed from Superior Court of San Joaquin County, STK-CV-UPL-2023-0009514 |

**PLEASE TAKE NOTICE** that COLEMAN ELLIOTT and AUTOQUIP CORPORATION, by and through their undersigned respective counsel of record, HEREBY STIPULATE AND AGREE AS FOLLOWS:

WHEREAS, COLEMAN ELLIOTT alleged in the COMPLAINT that he suffered physical injury resulting from the acts alleged in the COMPLAINT, that such injury is serious and permanent; and,

WHEREAS, COLEMAN ELLIOTT stated in Plaintiff's Responses to Defendant Autoquip Corporation's First Set of Interrogatories that COLEMAN ELLIOTT sustained

1  injuries to the head, shoulders, cervical spine, thoracic spine, and lumbar spine with pain
2  radiating to his extremities; and,

3      WHEREAS, COLEMAN ELLIOTT and AUTOQUIP CORPORATION agree that
4  COLEMAN ELLIOTT'S physical condition is at issue in this action and good cause exists to
5  conduct a physical examination under the conditions specified in this Stipulation; and,

6      WHEREAS, COLEMAN ELLIOTT and AUTOQUIP CORPORATION filed a Joint
7  Statement Regarding Discovery Dispute regarding the scope and duration of a proposed
8  physical examination pursuant to Fed. R. Civ. P. 35(a); and,

9      WHEREAS, the COURT issued an ORDER regarding the discovery dispute on
10  February 24, 2025; and,

11      WHEREAS, COLEMAN ELLIOTT and AUTOQUIP CORPORATION agree that the
12  statements herein are made solely for purposes of this Stipulation, and that nothing in this
13  Stipulation shall be deemed an admission or other evidentiary statement admissible against
14  any party regarding AUTOQUIP CORPORATION's potential liability to COLEMAN
15  ELLIOTT.

16      **IT IS HEREBY STIPULATED and AGREED** that COLEMAN ELLIOTT will
17  undergo a physical examination ("Examination") under the following conditions:

18  1. **Examiner Name:** The Examination shall be conducted by Dr. Richard A. Rubenstein.
19  A copy of Dr. Rubenstein's curriculum vitae is attached hereto as Exhibit A.

20  2. **Date, Time, and Duration of the Examination**: The Examination shall commence on
21  April 23, 2025 at 1:00 p.m. PT and shall be limited to FOUR (4) hours over one day,
22  pursuant to the Court's Order dated February 24, 2025. Mr. Elliott shall be allowed
23  breaks, if requested, but such breaks shall not be counted toward the time allotted. The
24  exam shall commence promptly at 1:00 p.m. Any delay in the commencement of the
25  exam shall count toward the time of the exam.

26  3. **Location of the Examination**: The Examination shall be conducted at Plaza One, 3220
27  Blume Drive, Suite 151, Richmond, CA 94806. Plaintiff shall make arrangements to
28  attend and bear the cost of travel, if any.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

4. **<u>Manner, Conditions, and Scope of the Examination</u>**: The Examination shall include and be limited to an evaluation of the claims of physical injury identified by COLEMAN ELLIOTT as in controversy in the above-referenced cause. Dr. Rubenstein is permitted to ask any question relevant to diagnosis. This may include questions related to occupational history and prior injuries and diseases, if relevant to diagnosis. Dr. Rubenstein will use reasonable efforts to not duplicate questioning that is covered by available medical records and COLEMAN ELLIOTT's deposition testimony. COLEMAN ELLIOTT is asked to bring with him any and all medications that he is currently taking.  Dr. Rubenstein intends to administer a standard (physical) neurologic examination. An example of a test battery given in another similar examination has been disclosed to COLEMAN ELLIOTT's counsel. While Dr. Rubenstein would expect this examination to be similar to that disclosed to counsel, final determination of necessary-to-diagnosis testing will be determined at the time of testing.  In any event, the examination will not include procedures that are painful, protracted, or intrusive, and will not include examination of the following specific body parts: genital, anal, or rectal pursuant to the Court's Order dated February 24, 2025. No imaging or other invasive diagnostic procedures will be performed (e.g. an EMG). COLEMAN ELLIOTT will be required to change into a hospital-type gown for the examination.

5. **<u>Medical Records:</u>** Dr. Rubenstein shall be provided with medical records by the Defendant. Plaintiff will be provided a copy of any records provided to Dr. Rubenstein at the same time as Dr. Rubenstein's report is provided.

6. **<u>Information Obtained Beyond the Scope of the Examination:</u>** Information obtained by Dr. Rubenstein, at Examination, that is not otherwise discoverable and beyond the agreed upon scope of the permitted examination shall not be relied upon by any expert to form his or her opinion. Any information obtained by Dr. Rubenstein, at Examination, that is that is not otherwise discoverable and beyond the scope of the permitted Examination shall be inadmissible at trial.

7. **<u>Recording the Examination:</u>** The Examination shall not be transcribed or audio recorded by COLEMAN ELLIOTT or any other individual. Dr. Rubenstein may dictate notes during the examination. Defendant shall provide a copy of any dictation and/or notes made by the evaluating doctor.

8. **<u>Persons Allowed in the Examination</u>**: COLEMAN ELLIOTT and Dr. Rubenstein shall be present during the Examination. Dr. Rubenstein may be assisted during the Examination by a member(s) of Dr. Rubenstein's staff. No other individuals, including counsel for either party to this lawsuit, are permitted to be present for the Examination.

9. **<u>Exchange of Examination Reports:</u>** The parties agree that a thorough report of the Examination detailing the tests conducted will be provided contemporaneously to counsel for both Plaintiff and Defendant following the Examination. The parties further agree that the report will include all of the examiner's findings, including the results of all tests made, diagnoses, and conclusions. Plaintiff and Defendant will also be provided with any and all draft reports prepared by Dr. Rubenstein.

| Respectfully submitted: | Respectfully submitted: |
|---|---|
| VIADRO LAW, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
| By: *[signature]* | By: *[signature]* |
| Christopher A. Viadro<br>Ethan P. Niedermeyer<br>Attorneys for Plaintiff<br>Coleman Elliott | J. Dominic Campodonico<br>Attorneys for Defendant<br>Autoquip Corporation |

IT IS SO ORDERED.

Dated: March 7, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE