1  CHRISTOPHER A. VIADRO, SBN 160260
   ETHAN P. NIEDERMEYER, SBN 300244
2  VIADRO LAW, LLP
   111 Broadway 2nd Floor
3  Oakland, CA 94607
   Telephone: (510) 287-2400
4  Facsimile: (510) 287-2401
   *inbox@viadrolaw.com*
5
6  ATTORNEYS FOR PLAINTIFF
   COLEMAN ELLIOTT
7
8
9              UNITED STATES DISTRICT COURT
10           EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  COLEMAN ELLIOTT, | CASE NO.: 2:23-cv-02355-JAM-CKD |
| 13                Plaintiff, | |
| 14       v. | **STIPULATION AND THIRD ORDER MODIFYING PRETRIAL SCHEDULING ORDER (ECF 28)** |
| 15  AUTOQUIP CORPORATION, and DOES 1-25, inclusive, | |
| 16                Defendants. | Complaint filed September 5, 2023 |
| 17 | Removed from Superior Court of San Joaquin County, STK-CV-UPL-2023-0009514 |
| 18 | |

19
20              I.    **INTRODUCTION**
21
        The parties herein seek a continuance of the March 2, 2026, trial and certain pre-trial dates as
22
   delineated herein. This action is one for personal injuries and involves wage loss as part of the
23
   damages being claimed. Recent events pertaining to Plaintiff's employment status have impacted the
24
   parties' ability to assess damages and the parties' damages experts will likely need to adjust opinions
25
   regarding same. As a further result, expert depositions which were scheduled have not proceeded
26
   and/or will not proceed and will need to be reset. Additionally, Plaintiff has just recently elected to
27
   proceed with lumbar surgery which he asserts is part of his claim. Additional background and
28

specifics regarding the foregoing are set forth below

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2021, Plaintiff was working as an elevator constructor and working on the installation of a Vertical Reciprocating Conveyor ("VRC") at an Amazon facility. He alleges he sustained personal injuries when a large and heavy chain on the VRC came apart and fell with portions of same striking him. Defendant Autoquip was the manufacturer of the VRC. Plaintiff alleges the incident occurred, in part, because Defendant Autoquip's VRC was defective in design and came with inadequate assembly instructions and warnings. Defendant denies these allegations and claims, in part, that Plaintiff and his employer were responsible for the incident.

As a result of the incident, Plaintiff filed a personal injury lawsuit in San Joaquin County Superior Court on September 5, 2023. Defendant removed the case to this court on October 18, 2023. The trial date was initially set for October 6, 2025. The parties later sought and obtained a continuance of that date because the plaintiff's medical condition had not reached a permanent and stationary status and employment-related medical evaluations were ongoing. The court then reset the trial of this matter to March 2, 2026. Per the court's pre-trial order, expert discovery is presently set to conclude by August 29, 2025.

The parties have diligently conducted non-expert and portions of expert discovery. In addition to extensive written discovery, more than a dozen fact depositions have been completed.  The parties disclosed a combined 11 retained experts and more than a dozen non-retained experts on liability and damages, serving both initial and supplemental (or rebuttal) expert reports. Expert depositions were then scheduled and set to commence on August 20. The medical experts included retained physicians, treating physicians/healthcare providers and an independent medical examiner (i.e., "Qualified Medical Examination") who has evaluated Plaintiff in his workers' compensation claim arising from the same incident giving rise to this action. Other damages experts include a life care planner, vocational rehabilitation counselors and an economist.

In the context of the related workers' compensation case, the Qualified Medical Examiner issued a June 30, 2025, report, wherein he opined that Plaintiff's permanent restrictions were as follows:

**PERMANENT RESTRICTIONS**

I recommend that the applicant return to work with following restrictions:  No kneeling.
No lifting, pushing, and pulling of objects greater than 25 lbs.  No overhead activities.
The applicant should be allowed 2 unscheduled breaks per hour for duration of time of at
least 3 minutes but not greater than then 5 minutes.

These restrictions are alleged by Plaintiff to be incompatible with the work of an elevator constructor. Notwithstanding this assertion, Plaintiff had returned to the role of an elevator constructor prior to this report; he contends he was only able to work as an elevator constructor because he had the assistance of co-workers to perform physical tasks. He further contended that he was nonetheless working through pain and just trying to work another year plus to get to qualify for a base level pension through his union. He alleges his plan was to then seek a less physically demanding occupation. Defendant contends that Plaintiff does not require the foregoing restrictions and that he can work as an elevator constructor as evidenced by his return, it claims, to his pre-injury employment over the last two years.

On August 12, 2025, Plaintiff reported to counsel that, apparently in response to the Qualified Medical Evaluator's permanent work restrictions, his employer pulled him off of a job and indicated that he could no longer work in the field. Plaintiff was advised that his employer would seek to find some type of alternate employment for him within the company. As of the date of this filing, Plaintiff has not been called back to his prior role nor informed of a new permanent position. He has only been called to perform a one hour non-physical assignment. Accordingly, it remains unclear whether his employer will be able to accommodate him, i.e., identify a position within the company which is consistent with the stated restrictions.[1]

Plaintiff's lost earning capacity claim has been based, in part, on projections of whether he could continue working as an elevator constructor, and, if so, for how long, in what capacity, etc. It was also based on projections of the nature, extent and timing of employment in a role other than

---

[1] Plaintiff's counsel notes that he has represented many dozens of elevator constructors in the last few decades and has never seen this employer and/or any other elevator company employer accommodate an elevator constructor who is not able to lift the 100 pounds that is documented as required in the job.

elevator construction. However, when Plaintiff was released from work, some of the claimed bases for those projections changed.  Because this occurred on the eve of expert discovery when expert opinions were already disclosed, the timing made it unfeasible to proceed with expert witness discovery before the August 29 deadline and just a few months before the final pre-trial conference. In short, the current, disclosed expert opinions have been partially premised upon certain facts that are now uncertain, and likely to be changed by the time of trial. It is unclear that those facts will become solidified with sufficient time to amend reports and prepare for trial given the current setting. For example, Plaintiff's expert opines currently that plaintiff will need to leave his employer and seek employment in another work sector,  but, by the time of trial, his employer may (or may not have) employed him in an alternate position.

In addition to the foregoing, Plaintiff recently had an appointment with his spine surgeon - Vikram Talwar, M.D. Plaintiff's counsel is informed that Dr. Talwar indicated plaintiff was a candidate for lumbar and cervical surgeries. Plaintiff contends these are related to his injury incident. Defendant denies this relationship and/or the need for the surgeries. Plaintiff has elected to proceed with the lumbar surgery. Dr. Talwar is in the process of obtaining updated MRI films of the Plaintiff's low back to provide further information for the surgery. Following surgery, Plaintiff will require time for recuperation to return to general daily activities and then additional time for a full recovery. Plaintiff claims that, according to Dr. Talwar, the surgery will still not allow him to return to work in the field as an elevator constructor. Defendant contends it is too early to reach such a conclusion.

### III.    GOOD CAUSE FOR CONTINUANCE

The parties agree there is good cause for a continuance of the trial to allow more clarity to develop regarding Plaintiff's vocational status. Secondarily, a continuance will also allow additional time to assess whether, post-surgery, there are any changes to Plaintiff's claimed work restrictions, whether Plaintiff's employer can find modified work for him that meets his then-existing restrictions, or whether Plaintiff needs to seek employment in a different industry. These alternatives will impact

1  Plaintiff's wage loss claim.[2] There may also be a need to conduct further limited non-expert discovery

2  from Plaintiff's employer in the form of a subpoena for employment records. .

3      Defendant also contends that Plaintiff's expected surgery may impact damages in a manner

4  not contemplated to this point. There may be questions of the duration that Plaintiff will be unable

5  to work while recuperating, as well as impact on other non-work activities. There may be

6  questions/dispute regarding the nature and extent of Plaintiff's post-surgery residual disability

7  and/or work preclusions which would impact what type of employment is suitable for him.

8      Defendant further contends that it is difficult, given the uncertainty raised by Plaintiff's

9  change in circumstances, to anticipate and thereby limit itself to a pre-prescribed set of re-opened

10  discovery and expert disclosure but states that it has made a good faith attempt to anticipate what

11  may be needed and will meet and confer with Plaintiff prior to seeking leave for additional pre-trial

12  needs. Plaintiff contends that the current change in circumstances is discrete in nature and does not

13  warrant a significant reopening of non-expert discovery and/or any modification to expert disclosure

14  and discovery other than allowing more time for updating expert reports as issues above further

15  develop.

16      It is also noted that the parties had a mediation set with Hon. Robert McGuiness (ret.) on

17  September 15, 2025. Given the foregoing change in circumstances, that mediation was taken off

18  calendar. The parties are looking to reschedule in November or December when some of the

19  foregoing issues are, hopefully, more settled.

20

21      **STIPULATION TO CONTINUE TRIAL AND PRE-TRIAL DATES**

22  The parties herein agree, by and through their counsel, of record as follows:

23  1. The March 2, 2026, trial may be continued to October 12, 2026, or such other date that the

24      Court deems proper.

25  2. Non-expert discovery may be re-opened for the following limited purposes:

26

27  _____

28  [2] It is noted that Plaintiff is not permitted to go on the "out of work" list with his union with the restrictions imposed by the Qualified Medical Examiner.

-5-

a. Subpoenas to Otis Elevator Company, the worker's compensation carrier, and/or any new employer Plaintiff may have for employment records;

b. Subpoenas to Plaintiff's treating medical providers for treatment obtained since the close of non-expert discovery.

3. The January 16, 2026, pre-trial conference in this matter shall be continued to August 28, 2026, or such other date at the convenience of the court.

4. The parties currently disclosed damages experts (i.e., retained medical experts and vocational experts and Plaintiff's life care planner and economist) shall be permitted to provide updated expert reports by March 15, 2026.

5. In response to the foregoing updated expert reports, the parties currently disclosed experts on damages may provide updated supplemental reports by April 15, 2026.

6. The parties currently disclosed experts may be deposed by May 15, 2026.

IT IS SO STIPULATED.

DATED:  August 25, 2025                    VIADRO LAW, LLP


By:     /s/ Ethan P. Niedermeyer
        Christopher A. Viadro
        Ethan P. Niedermeyer
        Attorneys for Plaintiff
        ELLIOTT COLEMAN


DATED:  August 25, 2025                    McCARTER & ENGLISH, LLP


By:     /s/ Katherine D. Althoff
        Katherine D. Althoff
        Attorneys for Defendant
        AUTOQUIP CORPORATION

STIPULATION AND ORDER

## CERTIFICATE OF SERVICE

I am employed in the City of Oakland, County of Alameda, State of California. I am over 18 years of age and not a party to this action. My business address is Viadro Law, LLP, 111 Broadway, Second Floor, Oakland, California 94607.

On the date below I served a true copy of the following document(s):

**STIPULATION AND [PROPOSED] ORDER TO
CONTINUE TRIAL DATE AND PRE-TRIAL DATES**

[X]    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

[X]    **BY ELECTRONIC TRANSMISSION.** I caused the document(s) to be sent to the person(s) at the E-Mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

J. Dominic Campodonico (SBN 188035)
Kristin A. Blocher (SBN 283730)
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 986-5900
Fax: (415) 986-8054
dcampodonico@grsm.com
kblocher@grsm.com
*Attorneys for Defendant*
AUTOQUIP CORPORATION

Katherine D. Althoff
Allyson Emley
McCarter & English, LLP
10 E. Main Street, Suite 200
Carmel, IN 46032
Tel: (317) 810-5493
Fax: (317) 602-1698
kalthoff@mccarter.com
aemley@mccarter.com
*Attorneys for Defendant*
AUTOQUIP CORPORATION

I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Executed on August 25, 2025, at Tucson, Arizona.

/s/ Laurie Glinski
Laurie Glinski

## THIRD ORDER MODIFYING PRETRIAL SCHEDULING ORDER

Based upon the stipulation of the parties and good cause otherwise appearing, the trial and pre-trial dates in this matter are continued as follows:

1. Non-expert discovery may be re-opened for the following limited purposes:

   a. Subpoenas to Otis Elevator Company, the worker's compensation carrier, and/or any new employer Plaintiff may have for employment records;

   b. Subpoenas to Plaintiff's treating medical providers for treatment obtained since the close of non-expert discovery.

2. The parties currently disclosed damages experts (i.e., retained medical experts and vocational experts and Plaintiff's life care planner and economist) shall be permitted to provide updated expert reports by March 15, 2026.

3. In response to the foregoing updated expert reports, the parties currently disclosed experts on damages may provide updated supplemental reports by April 15, 2026.

4. The parties currently disclosed experts may be deposed by May 15, 2026.

5. The January 16, 2026, **final pretrial conference** is **CONTINUED** to **Friday, August 28, 2026, at 11:00 a.m.**

6. The March 02, 2026, **trial** (11-12 days) is **CONTINUED** to **Monday, October 26, 2026, at 09:00 a.m.**

7. All other instructions contained in the July 25, 2024 Amended Pretrial Scheduling Order (ECF No. 16) shall remain in effect.

   IT IS SO ORDERED.


Dated:  September 18, 2025


JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE